## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-2484

CITIZENS FOR A HEALTHY COMMUNITY,
*et al.*,

      Petitioners,

 v.

UNITED STATES BUREAU OF LAND
MANAGEMENT, *et al.*,

      Federal Respondents.

---

## FEDERAL RESPONDENTS' ANSWER TO
## PETITION FOR REVIEW OF AGENCY ACTION

---

Federal Respondents hereby respond to the First Amended Petition for Review of Agency Action and Injunctive Relief, ECF No. 10, filed on October 27, 2020.  Because this is a record-review case in which the Court does not make findings of fact, and because no response is required to legal conclusions or characterizations of documents, statutes, regulations, or other legal authorities, Federal Respondents need not respond to the paragraphs of the First Amended Petition for Review of Agency Action (hereafter "Petition") that precede Petitioners' legal counts (i.e., their claims for relief).  The parties agreed to this form of answer and the Court approved that motion. (ECF Nos. 12 and 13).  Federal Respondents therefore respond only to Petitioners' claims for relief and, in addition, assert affirmative defenses or relief to which they claim entitlement.  The numbered paragraphs of the Answer correspond to the numbered paragraphs of the Petition.

## FIRST CLAIM FOR RELIEF

142.     This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

143.     The allegations contained in Paragraph 143 purport to quote and characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

144.     The allegations contained in Paragraph 144 purport to quote and characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Respondents deny any allegations inconsistent with the regulations' plain language, context, or meaning.

145.     The allegations contained in Paragraph 145 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

146.     The allegations contained in Paragraph 146 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

147.     The allegations contained in Paragraph 147 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

## SECOND CLAIM FOR RELIEF

148.     This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

149.      The allegations contained in Paragraph 149 purport to quote and characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

150.      The allegations contained in Paragraph 150 purport to quote and characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Respondents deny any allegations inconsistent with the regulations' plain language, context, or meaning.

151.      The allegations contained in Paragraph 151 purport to quote and characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Respondents deny any allegations inconsistent with the regulations' plain language, context, or meaning.

152.      The allegations contained in Paragraph 152 purport to quote and characterize a court opinion, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the opinion's plain language, context, or meaning.

153.      The allegations contained in Paragraph 153 purport to quote and characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Respondents deny any allegations inconsistent with the statute and regulations' plain language, context, or meaning.

154.      The allegations in Paragraph 154 are vague and are therefore denied.  Federal Respondents aver that the working group referenced in the second sentence of Paragraph 154 was disbanded by executive order on March 28, 2017.

155.      The allegations in Paragraph 155 consist of legal conclusions, to which no

response is required.  To the extent a response is required, Federal Respondents deny the allegations.  The allegations contained in the first sentence of Paragraph 155 also purport to characterize BLM's Final Environmental Impact Statement and Proposed Uncompahgre Resource Management Plan ("RMP/EIS"), which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the RMP/EIS's plain language, context, or meaning.

## THIRD CLAIM FOR RELIEF

156.       This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

157.       The allegations contained in Paragraph 157 purport to quote and characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Respondents deny any allegations inconsistent with the regulations' plain language, context, or meaning.

158.       Federal respondents deny the allegations in the first sentence of Paragraph 158. The second sentence of Paragraph 158 purports to characterize and cite to an unspecified report by the Intergovernmental Panel on Climate Change, which speaks for itself and is the best evidence of its own content.  Federal Respondents deny any allegations in the second sentence of Paragraph 158 inconsistent with the cited report's plain language, context, or meaning. Federal Respondents deny the allegations in the third and fourth sentence of Paragraph 158.

159.       The allegations contained in Paragraph 159 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

## FOURTH CLAIM FOR RELIEF

160.     This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

161.     The allegations contained in Paragraph 161 purport to quote and characterize the Federal Land Policy and Management Act ("FLPMA"), which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

162.     The allegations contained in Paragraph 162 purport to quote and characterize the Uncompahgre RMP/EIS, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the RMP/EIS's plain language, context, or meaning.

163.     The allegations contained in Paragraph 163 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph. The allegations contained in Paragraph 163 also purport to quote and characterize FLPMA, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

164.     The allegations contained in Paragraph 164 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

## FIFTH CLAIM FOR RELIEF

165.     This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

166.     The allegations contained in Paragraph 166 purport to quote and characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

167.     The allegations contained in Paragraph 167 purport to quote and characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Respondents deny any allegations inconsistent with the statute and regulations' plain language, context, or meaning.

168.     Federal Respondents deny the allegations in the first sentence of Paragraph 168. To the extent the second sentence of Paragraph 168 purports to quote and characterize the Uncompahgre RMP/EIS, that document speaks for itself and is the best evidence of its contents.  Federal Respondents deny any allegations inconsistent with the RMP/EIS's plain language, context, or meaning.  Federal Respondents deny the remainder of the allegations in the second sentence of Paragraph 168.

169.     The allegations contained in Paragraph 169 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

**SIXTH CLAIM FOR RELIEF**

170.     This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

171.      The allegations in Paragraph 171 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Federal Respondents deny any allegations contrary to the plain language, meaning and context of the ESA.

172.      Federal Respondents deny the allegations in the first and third sentences of

Paragraph 172.  The allegations in second sentence of Paragraph 172 purport to characterize information received by the Service, which speaks for itself and is the best evidence of its contents.  Federal Respondents deny any allegations contrary to the plain language, meaning and context of the information.

173.      Federal Respondents deny the allegations in the first, second and third sentences in Paragraph 173.  In addition, the allegations in the first sentence of Paragraph 173 purport to characterize the Fish and Wildlife Service (the "Service")'s biological opinion, which speaks for itself and is the best evidence of its contents.  Federal Respondents deny any allegations contrary to the plain language, meaning and context of the Service's biological opinion.

174.      Federal Respondents deny the allegations in Paragraph 174.

175.      Federal Respondents deny the allegations in Paragraph 175.

## SEVENTH CLAIM FOR RELIEF

176.      This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

177.      The allegations in Paragraph 177 purport to characterize the ESA implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Respondents deny any allegations contrary to the plain language, meaning and context of the ESA implementing regulations.

178.      Federal Respondents deny the allegations in Paragraph 178.  In addition, the allegations in Paragraph 178 purport to characterize the Service's biological opinion, which speaks for itself and is the best evidence of its contents.  Federal Respondents deny any allegations contrary to the plain language, meaning and context of the Service's biological

opinion.

179.        Federal Respondents deny the allegations in Paragraph 179.

180.        The allegations in Paragraph 180 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Respondents deny any allegations contrary to the plain language, meaning and context of the ESA and its implementing regulations.

181.        The allegations in Paragraph 181 purport to characterize the ESA implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Respondents deny any allegations contrary to the plain language, meaning and context of the ESA implementing regulations.

182.        Federal Respondents deny the allegations in the first and third sentences of Paragraph 182.  The allegations in the second sentence of Paragraph 182 purport to characterize the Service's biological opinion, which speaks for itself and is the best evidence of its contents.  Federal Respondents deny any allegations contrary to the plain language, meaning and context of the Service's biological opinion.

183.        The allegations in Paragraph 183 purport to characterize the ESA implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Respondents deny any allegations contrary to the plain language, meaning and context of the ESA implementing regulations.

184.        The allegations in Paragraph 184 purport to characterize the Service's biological opinion, which speaks for itself and is the best evidence of its contents.  Federal Respondents deny any allegations contrary to the plain language, meaning and context of the Service's biological opinion.

185.      Federal Respondents deny the allegations in paragraph 185.

## EIGHTH CLAIM FOR RELIEF

186.      This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

187.      The allegations contained in Paragraph 187 purport to quote and characterize the Federal Vacancies Reform Act, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

188.      The allegations contained in Paragraph 188 purport to quote and characterize Article II of the United States Constitution, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

189.      The allegations contained in Paragraph 189 purport to quote and characterize FLPMA, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

190.      The allegations contained in Paragraph 190 purport to quote and characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

191.      The allegations contained in Paragraph 191 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.  Federal Respondents aver that William Perry Pendley did not resolve the protests for the Uncompahgre RMP.  Federal Respondents further aver that the

protests for the Uncompahgre RMP were resolved by June Shoemaker, who at the time served as the Acting Assistant Director for Resources and Planning.  Federal Respondents specifically deny that William Perry Pendley served as acting director to the BLM.

192.      The allegations contained in Paragraph 192 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.  Federal Respondents aver that William Perry Pendley did not resolve the protests for the Uncompahgre RMP.  Federal Respondents further aver that the protests for the Uncompahgre RMP were resolved by June Shoemaker, Acting Assistant Director for Resources and Planning.

193.      The allegations contained in Paragraph 193 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.  Federal Respondents specifically deny that Secretary Bernhardt issued any order authorizing William Perry Pendley to serve as acting director to the BLM following William Perry Pendley's nomination to the position of BLM Director.

194.      The allegations contained in Paragraph 194 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.  Federal Respondents aver that William Perry Pendley did not resolve the protests for the Uncompahgre RMP.  Federal Respondents further aver that the protests for the Uncompahgre RMP were resolved by June Shoemaker, Acting Assistant Director for Resources and Planning.

195.      The allegations contained in Paragraph 195 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

## REQUEST FOR RELIEF

The remainder of the Petition constitutes Petitioners' request for relief, to which no response is required. To the extent a response may be deemed required, Federal Respondents deny that Petitioners are entitled to the requested relief or to any relief whatsoever.

## GENERAL DENIAL

Federal Respondents deny any allegations of the Petition, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## DEFENSES

1. The Petition should be dismissed for failure to state a claim upon which relief can be granted.

2. The Court lacks jurisdiction over one or more of the Petitioner's claims.

3. One or more of the Petitioners may lack standing to bring their Petition.

4. One or more of the Petitioners may have waived the right to bring suit in connection with one or more of their claims.

WHEREFORE, Federal Respondents respectfully request that this Court dismiss Petitioners' Petition for Review of Agency Action in its entirety and order such further relief as it deems appropriate.

Respectfully submitted this 17th day of November, 2020

PAUL E. SALAMANCA
Deputy Assistant Attorney General
Environment & Natural Resources Division

*/s/ Caitlin Cipicchio*
Caitlin Cipicchio
Trial Attorney
Natural Resources Section
4 Constitution Square
150 M St. NE

Washington, DC 2002
(202) 305-0503
caitlin.cipicchio@usdoj.gov

*/s/ Rickey Turner*
Rickey D. Turner, Jr.
Senior Attorney (CO Bar No. 35383)
Wildlife & Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
(303) 844-1373
rickey.turner2@usdoj.gov

*Attorneys for Federal Respondents*