IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-2484

CITIZENS FOR A HEALTHY COMMUNITY, *et al.*,

    Petitioners,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT, *et al.*,

    Federal Respondents.

---

**FEDERAL RESPONDENTS' RESPONSE TO SECOND AMENDED PETITION FOR REVIEW OF AGENCY ACTION [ECF No. 119]**

---

    Federal Respondents hereby respond to the First Amended Petition for Review of Agency Action and Injunctive Relief, ECF No. 119, filed on March 31, 2022. Because this is a record-review case in which the Court does not make findings of fact, and because no response is required to legal conclusions or characterizations of documents, statutes, regulations, or other legal authorities, Federal Respondents need not respond to the paragraphs of the First Amended Petition for Review of Agency Action (hereafter "Petition") that precede Petitioners' legal counts (i.e., their claims for relief). The parties agreed to this form of answer and the Court approved that motion. (ECF Nos. 12, 13, and 114). Federal Respondents therefore respond only to Petitioners' claims for relief and, in addition, assert affirmative defenses or relief to which they claim entitlement. The numbered paragraphs of the Response correspond to the numbered paragraphs of the Second Amended Petition.

1

## FIRST CLAIM FOR RELIEF

129. This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

130. The allegations contained in Paragraph 130 purport to quote and characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

131. The allegations contained in Paragraph 131 purport to quote and characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Respondents deny any allegations inconsistent with the regulations' plain language, context, or meaning.

132. The allegations contained in Paragraph 132 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

133. The allegations contained in Paragraph 133 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

134. The allegations contained in Paragraph 134 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

## SECOND CLAIM FOR RELIEF

135. This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

136.  The allegations contained in Paragraph 136 purport to quote and characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

137.  The allegations contained in Paragraph 137 purport to quote and characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Respondents deny any allegations inconsistent with the regulations' plain language, context, or meaning.

138.  The allegations contained in Paragraph 138 purport to quote and characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Respondents deny any allegations inconsistent with the regulations' plain language, context, or meaning.

139.  The allegations contained in Paragraph 139 purport to quote and characterize a court opinion, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the opinion's plain language, context, or meaning.

140.  The allegations contained in Paragraph 140 purport to quote and characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Respondents deny any allegations inconsistent with the statute and regulations' plain language, context, or meaning.

141.  The allegations in Paragraph 141 are vague and are therefore denied. Federal Respondents aver that the working group referenced in the second sentence of Paragraph 141 was disbanded by executive order on March 28, 2017.

142.  The allegations in Paragraph 142 consist of legal conclusions, to which no

response is required.  To the extent a response is required, Federal Respondents deny the allegations.  The allegations contained in the first sentence of Paragraph 142 also purport to characterize the RMP/EIS, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the RMP/EIS's plain language, context, or meaning.

**THIRD CLAIM FOR RELIEF**

143.　　This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

144.　　The allegations contained in Paragraph 144 purport to quote and characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Respondents deny any allegations inconsistent with the regulations' plain language, context, or meaning.

145.　　Federal respondents deny the allegations in the first sentence of Paragraph 145. The second sentence of Paragraph 145 purports to characterize and cite to an unspecified report by the IPCC, which speaks for itself and is the best evidence of its own content.  Federal Respondents deny any allegations in the second sentence of Paragraph 145 inconsistent with the cited report's plain language, context, or meaning.  Federal Respondents deny the allegations in the third and fourth sentence of Paragraph 145.

146.　　The allegations contained in Paragraph 146 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

**FOURTH CLAIM FOR RELIEF**

147.　　This paragraph incorporates the preceding paragraphs of the Petition and thus

requires no response.

148. The allegations contained in Paragraph 148 purport to quote and characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

149. The allegations contained in Paragraph 149 purport to quote and characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Respondents deny any allegations inconsistent with the statute and regulations' plain language, context, or meaning.

150. Federal Respondents deny the allegations in the first sentence of Paragraph 150. To the extent the second sentence of Paragraph 150 purports to quote and characterize the Uncompahgre RMP/EIS, that document speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the RMP/EIS's plain language, context, or meaning. Federal Respondents deny the remainder of the allegations in the second sentence of Paragraph 150.

151. The allegations contained in Paragraph 151 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

**FIFTH CLAIM FOR RELIEF**

152. This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

153. The allegations contained in Paragraph 153 purport to quote and characterize the Federal Land Policy and Management Act ("FLPMA"), which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the

statute's plain language, context, or meaning.

154. The allegations contained in Paragraph 154 purport to quote and characterize BLM's Final Environmental Impact Statement and Proposed Uncompahgre Resource Management Plan ("FEIS/RMP"), which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the FEIS/RMP's plain language, context, or meaning.

155. The allegations contained in Paragraph 155 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph. The allegations contained in Paragraph 155 also purport to quote and characterize FLPMA, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

156. The allegations contained in Paragraph 156 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

## SIXTH CLAIM FOR RELIEF

157. This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

158. The allegations in paragraph 158 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, meaning and context of the ESA.

159. Federal Defendants deny the allegations in the first and third sentences of paragraph 159.  The allegations in the second sentence of paragraph 159 purport to characterize

information received by the Service, which speaks for itself and is the best evidence of its contents.  Federal Respondents deny any allegations contrary to the plan language, meaning, and context of the information.

160.   Federal Defendants deny the allegations in paragraph 160.  In addition, the allegations in the first sentence of paragraph 173 purport to characterize the Service's biological opinion, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, meaning and context of the Service's biological opinion.

161.   Federal Defendants deny the allegations in paragraph 161.

162.   Federal Defendants deny the allegations in paragraph 162.

### SEVENTH CLAIM FOR RELIEF

163.   This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

164.   The allegations in paragraph 164 purport to characterize the ESA implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, meaning and context of the ESA implementing regulations.

165.   Federal Defendants deny the allegations in paragraph 165.  In addition, the allegations in paragraph 165 purport to characterize the Service's biological opinion, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, meaning and context of the Service's biological opinion.

166.   Federal Defendants deny the allegations in paragraph 166.

## EIGHTH CLAIM FOR RELIEF

167. This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

168. The allegations in paragraph 168 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning and context of the ESA and its implementing regulations.

169. The allegations in paragraph 169 purport to characterize the ESA implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning and context of the ESA implementing regulations.

170. Federal Defendants deny the allegations in the first and third sentences of paragraph 170. The allegations in the second sentence of paragraph 170 purport to characterize the Service's biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning and context of the Service's biological opinion.

## NINTH CLAIM FOR RELIEF

171. This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

172. The allegations in paragraph 172 purport to characterize the ESA implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning and context of the ESA implementing regulations.

173.     The allegations in paragraph 173 purport to characterize the Service's biological opinion, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, meaning and context of the Service's biological opinion.

174.     Federal Defendants deny the allegations in paragraph 174.

## TENTH CLAIM FOR RELIEF

175.     This paragraph incorporates the preceding paragraphs of the Petition and thus requires no response.

176.     The allegations contained in Paragraph 176 purport to quote and characterize the Federal Vacancies Reform Act, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

177.     The allegations contained in Paragraph 177 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Respondents deny the allegations of this paragraph. Federal Respondents aver that William Perry Pendley did not resolve the protests for the Uncompahgre RMP. Federal Respondents further aver that the protests for the Uncompahgre RMP were resolved by June Shoemaker, who at the time served as the Acting Assistant Director for Resources and Planning. Federal Respondents specifically deny that William Perry Pendley served as acting director to the BLM.

178.     The allegations contained in Paragraph 178 purport to quote and characterize Article II of the United States Constitution, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the article's plain language, context, or meaning.

9

179. The allegations contained in Paragraph 179 purport to quote and characterize FLPMA, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

180. The allegations contained in Paragraph 180 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Respondents deny the allegations of this paragraph. Federal Respondents aver that William Perry Pendley did not resolve the protests for the Uncompahgre RMP. Federal Respondents further aver that the protests for the Uncompahgre RMP were resolved by June Shoemaker, who at the time served as the Acting Assistant Director for Resources and Planning.

181. The allegations contained in Paragraph 181 purport to quote and characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Federal Respondents deny any allegations inconsistent with the statute's plain language, context, or meaning.

182. The allegations contained in Paragraph 182 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Respondents deny the allegations of this paragraph. Federal Respondents specifically deny that Secretary Bernhardt issued any order authorizing William Perry Pendley to serve as acting director to the BLM following William Perry Pendley's nomination to the position of BLM Director.

183. The allegations contained in Paragraph 183 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Respondents deny the allegations of this paragraph. Federal Respondents aver that William Perry Pendley did not resolve the protests for the Uncompahgre RMP. Federal Respondents further aver that the protests for the Uncompahgre RMP were resolved by June Shoemaker, who at the time served

as Acting Assistant Director for Resources and Planning.

184. The allegations contained in Paragraph 184 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Respondents deny the allegations of this paragraph.

## REQUEST FOR RELIEF

The remainder of the Second Amended Petition constitutes Petitioners' request for relief, to which no response is required. To the extent a response may be deemed required, Federal Respondents deny that Petitioners are entitled to the requested relief or to any relief whatsoever.

## GENERAL DENIAL

Federal Respondents deny any allegations of the Second Amended Petition, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## DEFENSES

1. The Second Amended Petition should be dismissed for failure to state a claim upon which relief can be granted.
2. The Court lacks jurisdiction over one or more of the Petitioners' claims.
3. One or more of the Petitioners may lack standing to bring their Second Amended Petition.
4. One or more of the Petitioners may have waived the right to bring suit.

WHEREFORE, Federal Respondents respectfully request that this Court dismiss Petitioners' Second Amended Petition for Review of Agency Action in its entirety and order such further relief as it deems appropriate.

Respectfully submitted this 12th day of April, 2022

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

[INSERT Luke's Signature Block]

<u>/s/ Rickey D. Turner, Jr.</u>
RICKEY D. TURNER, JR. (CO Bar No. 38353)
Senior Attorney
Wildlife and Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO  80202
Phone:     (303) 844-1373

*Attorneys for Federal Respondents*

12