IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-2484

CITIZENS FOR A HEALTHY COMMUNITY,
*et al.*,

      Petitioners,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT,
*et al.*,

      Respondents.

---

## SETTLEMENT AGREEMENT

---

Petitioners Citizen for a Healthy Community, High Country Conservation Advocates, Center for Biological Diversity, Sierra Club, Western Watersheds Project, and WildEarth Guardians ("Petitioners") and Respondents U.S. Bureau of Land Management ("BLM"), Debra Haaland, in her official capacity as the Secretary of the U.S. Department of the Interior, Stephanie Connolly, in her official capacity as the Acting Colorado State Director of the U.S. Bureau of Land Management, Tracy Stone Manning, in her official capacity as Director of the U.S. Bureau of Land Management, U.S. Fish and Wildlife Service, Martha Williams, in her official capacity as Director of the U.S. Fish and Wildlife Service, and Ann Timberman, in her official capacity as Western Colorado Field Supervisor for the U.S. Fish and Wildlife Service's Ecological Services Division ("Respondents") (together with Petitioners "the Parties") have reached an agreement to resolve this case, with the Parties agreeing to undertake and perform the measures set forth in this stipulated Settlement Agreement ("Agreement").

1

EXHIBIT 1

WHEREAS, on August 19, 2020, Petitioners filed a Petition for Review (ECF No. 1) challenging BLM's Final Environmental Impact Statement ("FEIS") (issued June 28, 2019), and Record of Decision ("ROD") (issued April 2, 2020), that approved the Uncompahgre Resource Management Plan ("RMP") for nearly a million acres of public lands and mineral estate in western Colorado. Petitioners alleged violations of the Federal Land Policy and Management Act ("FLPMA"), the National Environmental Policy Act ("NEPA"), and the Administrative Procedure Act ("APA");

WHEREAS, on October 27, 2020, Petitioners filed an Amended Petition for Review (ECF No. 10) that added the U.S. Fish and Wildlife Service as a Defendant and added claims alleging violations of the Endangered Species Act ("ESA"), the Federal Vacancies Reform Act ("FVRA"), and the U.S. Constitution;

WHEREAS, on March 31, 2022, Petitioners filed a Second Amended Petition for Review (ECF No. 119) adding additional claims under the ESA;

WHEREAS, BLM committed in a settlement agreement in *Colorado v. U.S. Bureau of Land Management*, No. 1:21-cv-129-MSK (D. Colo.), a case challenging the same administrative actions, to complete a range-wide resource management plan amendment ("RMPA") addressing the management of Gunnison sage-grouse habitat on BLM-administered lands in Colorado and Utah and to complete a statewide RMPA addressing, at a minimum, the management of oil and gas and associated infrastructure in big-game migration corridors and other important big game habitat areas on BLM-administered lands in Colorado within two years of publishing notices of intent to prepare the RMPAs;

2

WHEREAS, BLM published a notice of intent to prepare the Gunnison sage-grouse RMPA on July 6, 2022, and published a notice of intent to prepare the statewide big game RMP on July 19, 2022;

WHEREAS, the Parties believe it is in the best interest of the public, the Parties, and judicial economy to resolve Petitioners' claims and have reached an agreement to do so as set forth in this Agreement;

THEREFORE, the Parties agree and stipulate as follows:

1. BLM will complete an RMP amendment process pursuant to 43 C.F.R. Subpart 1610 for the Uncompahgre RMP. As part of the RMP amendment process, BLM will reconsider the eligibility of lands open to oil and gas leasing, the designation and management of Areas of Critical Environmental Concern ("ACEC"), and management of lands with wilderness characteristics. The Parties acknowledge that this RMP amendment will not include planning decisions for lands managed by the U.S. Forest Service of the U.S. Department of Agriculture.

2. BLM will prepare a new Environmental Impact Statement ("EIS") to inform the RMP amendment process. The new EIS must include an alternatives analysis that considers the following elements, either together in one alternative or in separate alternatives:

    a. At least one alternative that would reduce the overall acreage of lands open to oil and gas leasing by closing to new oil and gas leasing all areas of federal mineral estate that were analyzed as either closed to leasing or open to leasing subject to No Surface Occupancy ("NSO") stipulations in Alternative B/B.1 of the FEIS for the RMP, and applying NSO stipulations to at least 350,000 acres that were

3

        analyzed for protection with Controlled Surface Use ("CSU") stipulations in Alternative B/B.1 of the FEIS for the RMP; and

    b. Through the same or separate alternative(s), protections for lands with wilderness characteristics and ACECs that are the same as those analyzed in Alternative B/B.1 of the FEIS for the RMP.

3. BLM will issue a notice of intent ("NOI") to prepare the Uncompahgre RMP amendment and EIS no later than sixty days after BLM's publication of the draft range-wide Gunnison sage-grouse RMPA and draft EIS, or the draft statewide big game RMPA and draft EIS, whichever occurs later. BLM will complete the Uncompahgre RMP amendment and EIS and issue a new Record of Decision within two years thereafter.

4. BLM will provide opportunities for public involvement consistent with 43 C.F.R. subpart 1610 and will comply with Secretarial Order 3399 or appropriate superseding guidance in effect during the Uncompahgre RMP amendment process.

5. BLM will consider all appropriate impacts associated with the alternatives, including effects on water, soil, air resources, climate, and wildlife. BLM will consider existing information as well as new information and circumstances that have arisen since completion of the RMP process in 2020, as appropriate, consistent with applicable regulations.

6. Until BLM issues a decision approving the RMP amendment:

    a. BLM will not issue new oil and gas leases for lands in the Uncompahgre planning area, regardless of surface ownership or management, subject to the following exceptions:

    i. leasing in documented instances of drainage of federal minerals by operations on adjacent leases, and

    ii. leasing as may be authorized to recover coal mine methane from existing or abandoned coal mines.

  b. The current RMP will remain in effect.

  c. Through its routine public notice procedures, BLM will provide Petitioners notice of proposed actions affecting proposed or designated ACECs identified in Table O-1 of the FEIS for the Uncompahgre RMP or management of lands with wilderness characteristics identified in Table F-1 of the FEIS for the Uncompahgre RMP.

  d. Through its routine public notice procedures, BLM will provide Petitioners notice of opportunities for public involvement in grazing permit renewals for public lands administered by the Uncompahgre Field Office that include Gunnison sage-grouse designated critical habitat.

  e. For any proposed leasing pursuant to the exceptions described in Paragraph 6.a., BLM will provide public notice consistent with its NEPA procedures. If BLM determines that an instance of drainage warrants competitive leasing, it also will provide public notice consistent with its competitive leasing procedures.

7. BLM will complete a range-wide Gunnison sage-grouse RMP amendment process by July 6, 2024.

8. Within 14 business days of execution of this Agreement, the Parties agree that they will submit to the Court a stipulation of dismissal and proposed order dismissing the case with prejudice pursuant to Fed. R. Civ. P. 41. The Parties will request that the Court retain

jurisdiction solely for the purpose of enforcing the commitments in Paragraphs 3, 6, and 7 and resolving any motion for attorneys' fees and costs filed by Petitioners in accordance with the Equal Access to Justice Act, if necessary. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

9. In the event that a dispute arises out of or relating to this Agreement, or in the event that a party believes another party has failed to comply with any term or condition of this Agreement, the party raising the dispute or seeking enforcement will provide the other parties with written notice of the claim. The Parties agree that they will meet and confer (either telephonically or in person) in a good faith effort to resolve any requests, disputes, or claims before seeking further relief. If the Parties are unable to resolve the request, dispute, or claim among themselves within 60 days of the receipt of the written notice of the request, dispute, or claim (or such longer time to which they agree), then the Parties may seek relief from this Court, subject to the limitations in Paragraphs 8 and 10. The Parties agree that they will not seek contempt of court as an available remedy for any alleged violation of this Agreement, and the Parties therefore knowingly waive any right they might have to seek an order of contempt for any such alleged violation; provided, however, that if the Court issues an order resolving a dispute among the Parties regarding compliance with Paragraphs 3, 6, or 7 of the Agreement, the Parties may seek contempt of court as a remedy for any violation of any such order..

10. Nothing in this agreement precludes Petitioners from bringing a new action that challenges the new EIS, RMP amendment, and new ROD required to be produced pursuant to this Agreement. Any such challenge must take the form of a new civil action under the judicial review provisions of the APA, and may not be asserted as a claim for

violation of this Agreement or in a motion to enforce the terms of this Agreement. Nothing in this Agreement precludes Petitioners from bringing challenges to specific actions by BLM implementing the existing RMP and ROD, issued April 2, 2020, prior to issuance of the new EIS, RMP amendment and ROD required to be produced pursuant to this Agreement.

11. The undersigned representatives of the Petitioners and Respondents certify that they are fully authorized by the respective Parties whom they represent to enter into the terms and conditions of this Agreement and to legally bind such Parties to it.

12. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Respondents are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

13. This Agreement represents the entirety of the undersigned Parties' commitments with regard to settlement.

Dated: August 10, 2022.

    TODD KIM
    Assistant Attorney General
    Environment and Natural Resources Division
    United States Department of Justice

    /s/ Luther L. Hajek
    LUTHER L. HAJEK
    Senior Attorney
    Natural Resources Section
    999 18th Street, South Terrace, Suite 370
    Denver, CO 80202
    Phone:   (303) 844-1376

    RICKEY D. TURNER, JR. (CO Bar No. 38353)

Senior Attorney
Wildlife and Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Phone:    (303) 844-1373
*Attorneys for Federal Respondents*

Melissa A. Hornbein
ENVIRONMENTAL LAW CENTER
103 Reeder's Alley
Helena, MT
(p) 406.708.3058
hornbein@westernlaw.org

Kyle J. Tisdel (CO Bar No. 42098)
WESTERN ENVIRONMENTAL LAW CENTER
208 Paseo del Pueblo Sur, Suite 602
Taos, New Mexico 87571
(p) 575.613.8050
tisdel@westernlaw.org

*Counsel for Petitioners*

Edward B. Zukoski
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop St., Ste. 421
Denver, CO 80202
(p) 303.641.3149
tzukoski@biologicaldiversity.org

*Counsel for Petitioner Center for Biological Diversity*

Nathaniel Shoaff (CA Bar No. 256641)
SIERRA CLUB
2101 Webster Street, Suite 1300
Oakland, CA 94612
(p) 415.977.5610
nathaniel.shoaff@sierraclub.org

*Counsel for Petitioner Sierra Club*

8