IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-2484

CITIZENS FOR A HEALTHY COMMUNITY, et al.

    Plaintiffs,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT, et al.

    Federal Defendants.

---

**DECLARATION OF EDWARD B. ZUKOSKI
IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

---

Pursuant to 28 U.S.C. § 1748, I declare as follows:

    1.    I am a senior attorney with the Center for Biological Diversity and served as counsel for the Center in the above-captioned case beginning in the spring of 2022. I submit this declaration in support of Plaintiffs' (Citizens for a Healthy Community, High Country Conservation Advocates, Center for Biological Diversity, Western Watersheds Project, and WildEarth Guardians) application for an award of attorneys' fees and costs sought pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, incurred in commencing and prosecuting this matter against Federal Defendants.

    2.    In my capacity as counsel in this matter, I conducted work on this case involving necessary litigation tasks including, but not limited to: reviewing and editing the opening brief prepared by lead counsel at the Western Environmental Law Center, reviewing and editing settlement proposals, conferring with opposing counsel, assisting in finalizing the settlement, and preparing this declaration.

1

3. In preparing this motion for costs and fees, I compiled the hours that I spent on this matter, which are reflected in the attached timesheets attached as Appendix A to this declaration. I recorded time in increments of six minutes (1/10 of an hour). I kept my timesheets contemporaneously, and they accurately reflect the time spent.

4. In exercising sound billing judgment, I carefully reviewed my time sheets and omitted excessive, redundant, and otherwise unnecessary time. For example, I omitted time spent assisting in the preparation of media releases concerning the settlement. In my opinion, the total hours sought in this matter are reasonable.

5. In my experience practicing public-interest environmental law, I know that cases of this type are time-consuming, complex, and difficult. I also know that people who seek attorneys to take these cases often do not have the resources to hire a private attorney and have difficulties finding able and experienced attorneys willing to take such cases on a pro bono basis.

6. I received an A.B. from Harvard College in 1985 and a J.D. from the Yale Law School in 1992. While attending law school I took classes on administrative law, environmental law, and water law, and participated for a year in a law clinic devoted to providing assistance to non-profit environmental groups. I also performed research projects for the Natural Resources Defense Council and the Connecticut Fund for the Environment. During the summer of 1990, I clerked for the Seattle office of the Sierra Club Legal Defense Fund (now Earthjustice), preparing research memos concerning pesticides and Forest Service land management. In the summer of 1991, I clerked for the Environmental Defense Fund in Boulder, Colorado, and prepared an initial draft of an amicus brief concerning water policy and testimony concerning the transport of radioactive waste.

7. Following law school, from 1992 through 1994, I worked as an associate attorney in the D.C. office of the Sierra Club Legal Defense Fund, where I researched and drafted memos, pleadings, and briefs in cases involving management of National Park Service and National Wildlife Refuge system lands, and cases involving claims brought under the National Environmental Policy Act, the Marine Mammal Protection Act, the Clean Air Act, and the Administrative Procedure Act, among others.

8. From 1995 through 2002, I worked as a public lands attorney for the Land and Water Fund of the Rockies (now Western Resource Advocates) in Boulder, Colorado. I represented clients in adversary administrative proceedings before the U.S. Forest Service and the Interior Board of Land Appeals. I litigated cases involving the National Environmental Policy Act, National Forest Management Act, the Administrative Procedure Act, and other laws in the District of Colorado and pro hac vice in the Districts of Arizona and Wyoming, and in the U.S. Court of Appeals for the Tenth Circuit.

9. From 2003 through 2018, I worked as a project attorney and then as staff attorney in the Denver Office of Earthjustice, where I represented clients on matters including rights-of-way over federal lands, the protection of National Forest lands from coal mining, and defending as an intervenor a one million acre mineral withdrawal around Grand Canyon National Park. I appeared in federal courts including the U.S. Supreme Court, the U.S. Courts of Appeals for the Ninth and Tenth Circuits, the District of Colorado, and (pro hac vice) the Districts of Utah and the Eastern District of California, among others. My work involved briefing claims under the Federal Land Policy and Management Act, the Quiet Title Act, the Constitution's Supremacy Clause, the National Environmental Policy Act, the National Forest Management Act, the Endangered Species Act, and the Administrative Procedure Act, among others.

10. From 2019 to the present, I have served as a senior attorney for the Center for Biological Diversity, where I have appeared on behalf of the Center in adversarial administrative proceedings before the Forest Service, and in federal courts in the Tenth Circuit and D.C. Circuit Courts of Appeals, and in the District of Colorado and (pro hac vice) the Districts of Utah and Montana. My work has involved briefing claims under the National Environmental Policy Act, the National Forest Management Act, the Endangered Species Act, and the Administrative Procedure Act, among others.

11. Through my legal education in law school and my 30 years of exclusive practice in the field, I have developed distinctive knowledge and skills related to the specialized area of environmental litigation, in particular, the management of federal public lands.

12. Based on my distinctive knowledge and skills, and my knowledge of rates other attorneys have sought and obtained in similar cases in the Denver, Colorado market, and my review of the Department of Justice's "Fitzpatrick Matrix" regarding reasonable hourly rates for work performed in complex litigation in the U.S. District Court for the District of Columbia, I seek reimbursement for a total of xxx hours at the hourly rate of $700 for work performed on this case in 2022. I believe my requested rates in this case are reasonable and consistent with, if not lower than, the market rates for attorneys with similar skills and experience in the Denver market.

13. Prior to my entering an appearance, Diana Dascalu-Joffe acted as counsel of record for the Center for Biological Diversity in this case. Ms. Dascalu-Joffe left the Center and withdrew from this case on April 27, 2022. I am aware that the Center requires its attorneys to maintain contemporaneous time records via a web-based time-keeping database called "Rocket Matter." I reviewed Ms. Dascalu-Joffe's Rocket Matter time entries for this case, which are attached hereto as Appendix B.

4

14. I am generally aware of Ms. Dascalu-Joffe's professional qualifications and experience as an attorney. Ms. Dascalu-Joffe exclusively litigated public interest cases for about 17 years, including environmental, public lands and energy cases at the local, state and federal level. She received her undergraduate degree from Slippery Rock University of Pennsylvania in 2000 and her law degree from Vermont Law School in 2003. During law school, she clerked for Earthjustice. After receiving her law degree, she focused her career on environmental non-profit work and began as a staff attorney for the Natural Resources Defense Council in Washington, D.C. from 2003 through 2004. She primarily litigated Clean Water Act cases to promote restoration of the Anacostia River. From 2005 to 2014, she served as senior general counsel for the Chesapeake Climate Action Network, a regional organization located in Takoma Park, Maryland. Ms. Dascalu-Joffe worked on litigation projects including Clean Air Act citizen enforcement lawsuits against fossil fuel energy facilities in the mid-Atlantic region. In 2014, she moved to Colorado and became barred there in 2016. From 2016 to April 2022, she served as senior attorney at the Center for Biological Diversity where she engaged in administrative review and federal litigation in the U.S. District Court for the District of Colorado and (pro hac vice) the District of Utah and Southern District of Ohio in matters concerning oil and gas leasing and development on federal public lands.

15. Based on her years of experience and expertise in environmental litigation, and my knowledge of rates other attorneys have sought and obtained in similar cases in the Denver Market, and my review of the Department of Justice's "Fitzpatrick Matrix" regarding reasonable hourly rates for work performed in complex litigation in the U.S. District Court for the District of Columbia, I believe the following requested rates in this case for Ms. Dascalu-Joffe are reasonable and consistent with, if not lower than, the market rates for attorneys with similar skills and experience in Denver, Colorado: $465 per hour for work performed in 2020, and $475 per hour for work performed in

5

2021, and $485 for work performed in 2022. Plaintiffs seek time for Ms. Dascalu-Joffe expended on reasonable and necessary litigation tasks including: assistance reviewing and editing the complaint, researching newly-decided cases that might impact the litigation, and consulting with co-plaintiffs and defendants concerning settlement.

Pursuant to 28 U.S.C. § 1748, I declare under penalty of perjury that the foregoing is true and correct.

Dated September 9, 2022.

>    */s/ Edward B. Zukoski*
>    Edward B. Zukoski

6

## Appendix A - Recorded Time for Edward Zukoski

| Date | Attorney | Task | Rate | Time | Omit | Amount |
|---|---|---|---|---|---|---|
| 5/10/22 | Zukoski | TC M. Hornbein, WELC, re: status of case and TZ potential workload | **700.00** | 0.30 | 0.10 | 140.00 |
| 5/11/22 | Zukoski | Draft entry of appearance, run by co-counsel | **700.00** | 0.20 | | 140.00 |
| 6/27/22 | Zukoski | Review Krieger order requiring briefing go forward (.1) email and TC Hornbein re: (.2) emails soliciting draft briefs re: admin record and forward responses to Hornbein (.3) lexis nexis review of AR cases and forward to Hornbein (.2) | 700.00 | 0.80 | | 560.00 |
| 6/28/22 | Zukoski | TC Tisdale and Hornbein re: need to file merits brief (.2) emails and texts re: | **700.00** | 0.40 | | 280.00 |
| 7/1/22 | Zukoski | Review entire opening merits brief, suggest edits, add some 10th Cir. and D. | **700.00** | 1.80 | | 1,260.00 |
| 8/8/22 | Zukoski | Email clients re: DOJ final approval of settlement and whether clients have approval (.2) review settlement re: further steps (motion to dismiss, fees) (.1) | 700.00 | 0.30 | | 210.00 |
| 8/9/22 | Zukoski | Review emails from DOJ re: settlement (.2) text Molvar, Leger, Nichols re: confirming whether they have granted final settlement approval (.1) TC Matt Reed, HCCA re: same (.1) | 700.00 | 0.40 | | 280.00 |
| | | | **Total** | **4.20** | **0.10** | **2,870.00** |
| | | | Total Hours | 4.20 | | |
| | | | Total Hours Omitted | 0.10 | | |
| | | | Total Hours after Omisions | 4.10 | | |
| | | | | | Total Attorneys' Fees | $ 2,870.00 |

# Appendix B - Recorded Time for Diana Dascalu-Joffe

| Date | Attorney | Task | Rate | Time | Omit | Amount |
|---|---|---|---|---|---|---|
| 7/24/20 | Dascalu-Joffe | Complaint drafting | **465.00** | 2.60 | | 1,209.00 |
| 8/10/20 | Dascalu-Joffe | Plaintiffs' call, work on complaint and strategy | **465.00** | 1.80 | | 837.00 |
| 8/19/20 | Dascalu-Joffe | Complaint drafting, finalizing NOI, finalizing all filing docs and filing | **465.00** | 5.00 | | 2,325.00 |
| 9/30/20 | Dascalu-Joffe | Research and communications about implications of Bullock v. BLM on this case | **465.00** | 2.00 | | 930.00 |
| 10/1/20 | Dascalu-Joffe | Research FVRA claim | **465.00** | 0.90 | | 418.50 |
| 3/10/21 | Dascalu-Joffe | Correspondence on settlement posture and stay | **475.00** | 1.30 | | 617.50 |
| 3/11/21 | Dascalu-Joffe | Settlement proposal discusion with clients and co-plaintiffs | **475.00** | 0.80 | | 380.00 |
| 6/1/21 | Dascalu-Joffe | Prep call with Plaintiffs' groups for DOJ settlement negotiation | **475.00** | 1.30 | | 617.50 |
| 6/4/21 | Dascalu-Joffe | DOJ settlement call | **475.00** | 1.20 | 0.20 | 475.00 |
| 6/15/21 | Dascalu-Joffe | Working on Settlement letter to DOJ | **475.00** | 0.80 | | 380.00 |
| 6/23/21 | Dascalu-Joffe | Edits to Uncompahgre settlement letter | **475.00** | 0.60 | | 285.00 |
| 1/26/22 | Dascalu-Joffe | Review and email discussion about DOJ counter offer | **485.00** | 0.90 | | 436.50 |
| 2/8/22 | Dascalu-Joffe | Plaintiffs' call on settlement strategy w/counteroffer | **485.00** | 1.20 | 0.10 | 533.50 |
| | | | **Total** | **20.40** | **0.30** | **9,444.50** |

|   |   |
|---|---|
| **Total Hours** | 20.40 |
| **Total Hours Omitted** | 0.30 |
| **Total Hours after Omisions** | 20.10 |
| **Total Attorneys' Fees** | **$ 9,444.50** |